## SETTLEMENT AGREEMENT AND
## FULL AND FINAL RELEASE OF ALL CLAIMS

1. This Agreement covers all understandings between Gus Irizarry (hereinafter referred to as "Irizarry," a term which includes Irizarry's successors, assigns, beneficiaries, personal representatives, and heirs), on the one hand, and Steeda Autosports, Inc. (hereinafter referred to as "Steeda Autosports," a term which includes each and every of its officers, directors, shareholders, employees, agents (within the scope of such agency), partners, parent corporations and companies, affiliates, or subsidiaries, and divisions, as of the date hereof, and their successors, assigns, beneficiaries, servants, legal representatives, insurers and heirs), Steeda Sales and Services, LLC (hereinafter referred to as "Steeda Sales," a term which includes each and every of its officers, directors, shareholders, employees, agents (within the scope of such agency), partners, parent corporations and companies, affiliates, or subsidiaries, and divisions, as of the date hereof, and their successors, assigns, beneficiaries, servants, legal representatives, insurers and heirs), and Dario Orlando (hereinafter referred to as "Orlando," a term which includes Orlando's successors, assigns, beneficiaries, personal representatives, and heirs), on the other hand.

2. For and in consideration of the promises outlined in Paragraph 3 of this Agreement, Irizarry agrees as follows:

A. To settle any and all claims and actions of any nature whatsoever, accrued as of the date of this Agreement between Irizarry and Steeda Autosports, Steeda Sales, and/or Orlando, and release and forever discharge Steeda Autosports, Steeda Sales, and Orlando of and from all and any manner of actions, causes of actions, suits, rights to attorney fees, debts, claims and demands whatsoever in law or equity by reason of any matter, cause or thing whatsoever, accrued as of the date hereof, and particularly, but without limitation of the foregoing general terms, by reason of any claims or actions arising from Irizarry's previous employment or separation from employment with Steeda Autosports, or related to the transactions or matters which are the subject matter of the lawsuits titled <u>Gus Irizarry v. Steeda Autosports, Inc., Steeda Sales and Services, LLC and Dario Orlando</u>, Case No. 14-61939-CIV-BLOOM/VALLE, pending in the United States District Court for the Southern District of Florida and <u>Gus Irizarry v. Steeda Autosports, Inc., Steeda Sales and Services, LLC and Dario Orlando</u>, Case No. 14-018284, pending in the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida, including without limitation any claims arising from any alleged violation of any and all federal, state, or local laws, including the Fair Labor Standards Act; the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991; the Civil Rights Act of 1866; the Age Discrimination in Employment Act; the Older Workers' Benefit Protection Act; the Employee Retirement Income Security Act; the Equal Pay Act; the Americans with Disabilities Act of 1990; the Family and Medical Leave Act; the Florida Civil Rights Act; any and all claims for breach of contract; breach of the covenant of good faith and fair dealing; infliction of emotional distress; wrongful discharge; violation of public policy; defamation; libel; invasion of privacy; claims for unpaid wages; or any other tort; workers' compensation retaliation claims, and any and all common law claims, accrued as of the date hereof. This is not a complete list, and, except as specified below, Irizarry waives and releases all similar rights and claims under all other federal, state, and local discrimination provisions and all other statutory and common law causes of action or administrative claims relating in any way to Irizarry's employment or termination of employment with Steeda Autosports, Steeda Sales, and/or Orlando, existing at any time prior to this Agreement, whether known or unknown, from the beginning of the world until the date of this Agreement. Except as

---

SETTLEMENT AGREEMENT AND RELEASE

PAGE 1

Irizarry's Initials

Exhibit I

otherwise may be provided in the Agreement, it is understood and agreed that this is a full, complete and final general release of any and all claims described as aforesaid, and that the Parties agree that it shall apply to all unknown, unanticipated, unsuspected and undisclosed claims, demands, liabilities, actions or causes of action, in law, equity or otherwise, as well as those which are now known, anticipated, suspected or disclosed, accrued as of the date hereof.

B. That he has not filed any charge, complaint, or other lawsuit over, about or related to any of the Claims referred to in Paragraph "A." As a part of this settlement, Irizarry agrees to file with the District Court a Joint Motion for Approval of Settlement and Dismissal with Prejudice and with the State Court a Notice of Voluntary Dismissal with Prejudice.

C. That payment by Steeda Autosports pursuant to Paragraph 3 of this Agreement will not be made until the District Court issues an Order dismissing with prejudice Irizarry's claims in the lawsuit titled Gus Irizarry v. Steeda Autosports, Inc., Steeda Sales and Services, LLC and Dario Orlando, Case No. 14-61939-CIV-BLOOM/VALLE, and Irizarry files a Notice of Voluntary Dismissal with Prejudice in the lawsuit titled Gus Irizarry v. Steeda Autosports, Inc., Steeda Sales and Services, LLC and Dario Orlando, Case No. 14-018284.

D. That this settlement is the compromise of disputed claims and does not constitute an admission by Steeda Autosports, Steeda Sales, or Orlando of any violation of any federal, state, or local statute or regulation, or any violation of any of Irizarry's rights or of any duty owed by Steeda Autosports, Steeda Sales, or Orlando to Irizarry. Irizarry further agrees and acknowledges that he has been fully paid for all hours worked, and that, except for payment under paragraph 3, no other compensation, vacation pay, sick pay, overtime pay, liquidated damages, or any other money is owed to him.

E. To waive his right to future employment with Steeda Autosports, Steeda Sales, and/or any other business owned, in whole or in part, by Orlando and to agree not to knowingly reapply for employment with Steeda Autosports or Steeda Sales, and/or to apply for employment with any other business owned, in whole or in part, by Orlando.

F. Not to undertake any disparaging conduct directed at Steeda Autosports, Steeda Sales and/or Orlando and to refrain from making any negative or derogatory statements concerning Steeda Autosports, Steeda Sales or Orlando.

G. Not to disclose the contents of this Agreement to anyone except his spouse, his tax advisors, his attorneys, or as otherwise compelled by force of law. In the event Irizarry is compelled by force of law to disclose the contents of this Agreement, Irizarry agrees that notice of receipt of the judicial order or subpoena shall be immediately communicated to Steeda Autosports or its attorneys of record telephonically and confirmed promptly thereafter in writing so that Steeda Autosports will have the opportunity to assert what rights it may have in non-disclosure prior to any response to the order or subpoena. No action by Steeda Autosports, Steeda Sales, or Orlando shall be taken as a waiver of its right to insist that Orlando abide by the non-disclosure terms of this Agreement. To the extent that Irizarry reveals the contents of this Agreement to anyone (as allowed in this paragraph), except for disclosures pursuant to force of law, Irizarry assumes responsibility for such disclosure and will advise such individuals that they are not allowed to reveal the contents of the Agreement to any other person. Irizarry agrees to assume responsibility

        for any breach of the confidentiality provisions by such third person, including the payment of liquidated damages, except for disclosures pursuant to force of law.

  H.    That Irizarry is solely and entirely responsible for the payment of any and all taxes, if any, which may be found to be due on the amount paid hereunder. Irizarry also agrees to indemnify and hold Steeda Autosports, Steeda Sales, and/or Orlando harmless against any claim for such taxes or related penalties or interest, and attorneys' fees and costs expended by Steeda Autosports, Steeda Sales, and/or Orlando in any action against Irizarry necessary for indemnification of such taxes, penalties, or interest. Irizarry acknowledges that Steeda Autosports, Steeda Sales, and/or Orlando have made no representation regarding the taxability of the settlement funds.

3.    For and in consideration of the promises outlined in Paragraph 2 of this Agreement, Steeda Autosports agrees as follows:

  A.    To pay Irizarry the total sum of $16,500.00, broken down as follows:

    i.    a payroll check in the amount of $4,500.00, less all applicable withholdings, payable to Irizarry.

    ii.    a check in the amount of $4,500.00 payable to Irizarry representing liquidated damages.

    iii.    a check in the amount of $7,500.00 payable to Whitelock & Associates, P.A. Trust Account for costs and attorneys' fees.

Irizarry understands and agrees that these payments will not be disbursed until all conditions set forth above under paragraph 2C are met. Payment will be made, within five business days of the dismissal with prejudice being entered in the federal case, filing of the notice of voluntary dismissal with prejudice in the state court case, or expiration of the revocation period set forth in paragraph 9, whichever occurs last.

  B.    That its officers and directors will not undertake any disparaging conduct directed at Irizarry and will refrain from making any negative or derogatory statements concerning Irizarry.

4.    In the event that any party to this Agreement commences an action for damages, injunctive relief, or to enforce the provisions of the Agreement, the prevailing party in any such action shall be entitled to an award of its reasonable attorney's fees and all costs including appellate fees and costs, incurred in connection therewith as determined by the court in any such action.

5.    This Agreement contains the entire agreement of the parties hereto and there are no agreements, understandings or representations made by Steeda Autosports, Steeda Sales, Orlando, or Irizarry except as expressly stated herein. This Agreement supersedes all prior agreements and understandings between Steeda Autosports, Steeda Sales, and/or Orlando and Irizarry, with the exception of the Work-Made-For-Hire and Proprietary Information Agreement and Non-Compete Agreement executed by Irizarry on May 24, 1999, which remain in full force and effect. No cancellation, modification, amendment, deletion, addition, or other changes in this Agreement or any provision hereof or any right herein provided shall be effective for any purpose unless specifically set forth in a subsequent written agreement signed by Irizarry, Orlando and an authorized representative of Steeda Autosports and Steeda Sales.

6. Subsequent to the approval of this Agreement by the Court, should any provision of this Agreement be declared or determined by any court of competent jurisdiction to be illegal or invalid, the validity of the remaining parts, terms or provisions shall be severable and shall not be affected thereby, and said illegal or invalid part, term or provision shall be deemed not to be a part of this Agreement. All other valid provisions shall survive and continue to bind the parties.

7. The law governing this Agreement shall be that of the United States and the State of Florida.

8. In signing this Agreement, Irizarry agrees and certifies that: (a) he has carefully read and fully understands the provisions of this Agreement; (b) that Steeda Autosports, Steeda Sales, and Orlando have, by this Agreement, advised him to consult with an attorney of his choice before signing this Agreement, and he has had an opportunity to do so; (c) he has been allowed a reasonable period of time in which to consider this Agreement before signing (up to 21 days); (d) he agrees to the terms of this Agreement knowingly, voluntarily and without intimidation, coercion or pressure, and he intends to be legally bound by the Agreement; and (e) having had the opportunity to obtain the advice of legal counsel to review, comment upon, and redraft this Settlement Agreement, Irizarry agrees that this Settlement Agreement shall be construed as if the parties jointly prepared it so that any uncertainty or ambiguity shall not be interpreted against any one party and in favor of the other.

9. Effective Date; Right of Revocation. Irizarry understands that he may revoke this Agreement within seven (7) calendar days after he signs it. If he revokes it during that period, it will be null and void, and he will not be entitled to the benefits of Paragraph 3 of the Agreement. To revoke, he must ensure that written notice of revocation is delivered to Candice Pinares-Baez, Esq., 450 East Las Olas Blvd., Suite 800, Fort Lauderdale, FL, 33301 by no later than 5:00 p.m. on the seventh calendar day after he signs the Agreement. If he does not revoke the Agreement during that seven-day revocation period, the Effective Date of the Agreement shall be the day after the seven-day revocation period has expired.

10. This Agreement is executed in multiple counterparts, each of which shall be deemed an original, but all of which together shall constitute one instrument.

11. Steeda Autosports and Steeda Sales have duly authorized this Agreement and authorized the signatory below to sign on its behalf as a valid and binding act of Steeda Autosports and Steeda Sales, and Steeda Autosports and Steeda Sales do intend to be so bound by this Agreement

DATE: 11/25/14    Signature: _____
                              Gus Irizarry

DATE: 12/02/14    Signature: _____
                              For Steeda Autosports, Inc.

DATE: 12/02/14    Signature: _____
                              For Steeda Sales and Services, LLC

DATE: 12/02/14    Signature: _____
                              Dario Orlando

SETTLEMENT AGREEMENT AND RELEASE